**AKERMAN LLP**
ALICIA Y. HOU (SBN 254157)
E-mail: alicia.hou@akerman.com
HALEY C. GREENBERG (SBN 307475)
E-mail: haley.greenberg@akerman.com
JONATHAN M. TURNER (SBN 320614)
E-mail: jonathan.turner@akerman.com
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

**P.C.WOO & ZHONGLUN W.D. LLP**
JIE LIAN (SBN 273146)
19th Floor, Times Financial Center
4001 Shennan Avenue
Futian District, Shenzhen, PR China 518048
Telephone:  (+86) 1360 115 9239
Facsimile:  (+86 755) 8831 9191
E-Mail: lianjie@zlwd.com

Attorneys for Plaintiff
800 COLUMBIA PROJECT COMPANY, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 800 COLUMBIA PROJECT COMPANY, LLC, a Washington limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>CMB WING LUNG BANK, LTD., a Hong Kong bank doing business in California; and DOES 1 to 100, inclusive;,<br><br>Defendants. | Case No. 8:21-cv-00278-JLS-ADS<br><br>[Assigned to the Hon. Josephine L. Staton]<br><br>**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**<br><br>Date: March  9, 2022<br>Time: 10:30 a.m.<br>Place: Courtroom 6B<br>Discovery Cutoff:  March 18, 2022<br>Pretrial Conference: July 22, 2022<br>Trial:  TBD |

AKERMAN LLP<br>601 WEST FIFTH  STREET SUITE 300<br>LOS ANGELES, CALIFORNIA 90071<br>TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

**Page**

PLAINTIFF'S POSITION .................................................................................. 1

RELEVANT CASE BACKGROUND ............................................................... 2

I.  Defendant's refusal to produce witnesses for deposition ................... 3

    a.  Alicia Zhong ................................................................... 6

    b.  Christina Chan ................................................................ 7

    c.  Jane Zhang ..................................................................... 10

    d.  Krystal Yan .................................................................... 10

    e.  Zheng Yu ........................................................................ 11

II.  Production of internal policies applicable to Plaintiff's account as requested in Plaintiff's Request for Production No. 8 – including the Security Policy issued by the Security Committee of CMB Wing Lung Bank Limited, H.O. ......................................................................... 12

III.  Response to Plaintiff's Interrogatory No. 13 ................................... 14

DEFENDANT'S POSITION ......................................................................... 16

IV.  This Motion Is Procedurally Improper And Should Be Summarily Dismissed .................................................................................... 16

V.  Introduction .............................................................................. 17

VI.  Plaintiff Must Serve Subpoenas On The Five Non-Party Witnesses ........... 20

    A.  Alicia Zhong ................................................................. 22

    B.  Christina Chan .............................................................. 23

    C  Jane Zhang ................................................................... 26

    D  Krystal Yan .................................................................. 27

    E.  Zheng Yu ...................................................................... 27

VII.  Plaintiff's RFP No. 8 – Production Of Security Policy ................................ 29

VIII.  Plaintiff's ROG No. 13 – Information Regarding Personnel Files .............. 29

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37-2.1, Plaintiff 800 COLUMBIA PROJECT COMPANY, LLC (**Plaintiff**) and Defendant CMB WING LUNG BANK, LTD. (**Defendant**) submit the following joint stipulation regarding Plaintiff's Motion to Compel. The Parties have met and conferred on the issues discussed herein and attempted unsuccessfully to resolve their disputes and therefore respectfully request the assistance of the Court.

## PLAINTIFF'S POSITION

Plaintiff has engaged in meet and confer efforts since September 16, 2021, including at least three video conferrals that took place on December 9, 2021, December 15, 2021, January 20, 2022, and one informal discovery conference that took place on January 12, 2022. *See* Hou Decl., ¶ 2. Plaintiff relied on Defendant's representations that Defendant would work in good faith to make supplemental productions and to produce witnesses, but it is now clear that Defendant simply seeks to run down the clock. The Parties are a mere 40 days away from the discovery cutoff and Defendant continues to engage in obstructionist and dilatory tactics with respect to discovery; Defendant continues to shirk its discovery obligations by refusing to provide party witnesses for deposition, refusing to produce key documents in response to Plaintiff's Request for Production No. 8, and refusing to respond to Plaintiff's Interrogatory No. 13.[1] To that end, Plaintiff seeks an order from this Court against Defendant compelling (1) the depositions of Alicia Zhong, Christiana Chan, Jane Zhang, Krystal Yan, and Zheng Yu; (2) production of internal policies applicable to Plaintiff's account as requested in Plaintiff's Request for Production No. 8 – including the Security Policy issued by the Security Committee of CMB Wing Lung Bank Limited, H.O.; and (3) a supplemental response to Plaintiff's Interrogatory No. 13.

---

[1] It must be emphasized that the discovery cutoff is March 18, 2022. Accordingly, Plaintiff also requests the issuance of an order permitting the depositions of the witnesses discussed herein to take place outside of the discovery cutoff, to the extent necessary.

AKERMAN LLP
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## RELEVANT CASE BACKGROUND

This lawsuit centers on Defendant's failure to identify clearly fraudulent activity in connection with Plaintiff's bank account, culminating in Defendant's approval and execution of three fraudulent wire transfers from Plaintiff's account totaling almost $6,000,000.

The discovery disputes addressed herein are all highly relevant and proportional to the needs in this case as follows:  **First**, the witnesses at issue are all managing agents of Defendant and identified in Defendant's organizational chart, playing key roles in the varying stages of wire processing. Plaintiff has provided Defendant with legal authority supporting its position that the witnesses are managing agents, but the Parties have reached impasse. **Second**, Plaintiff's Request for Production No. 8 seeks Defendant's policies and procedures applicable to Plaintiff's account such that Plaintiff can determine whether Defendant followed the Bank's protocol in processing the fraudulent transfers at issue.  While Defendant produced *some* internal policies, Plaintiff has identified at least one key policy, entitled the "Security Policy issued by the Security Committee of CMB Wing Lung Bank Limited, H.O." (hereinafter, "Security Committee Policy"), which Defendant refuses to produce.   While Defendant asserts that the Security Committee Policy is not relevant to the issues in this case, the materials that Defendant has produced contain *numerous* references to the document.  Plaintiff has provided Defendant with legal authority supporting its position that materials are relevant with respect to the issue of Defendant's negligence, but the Parties have reached impasse. **Third**, Plaintiff's Interrogatory No. 13 seeks facts regarding the employment qualifications and performance histories of the individuals who handled payments from Plaintiff's account, including but not limited to the credentials, training, disciplinary history, and performance records of each person. The qualifications and performance histories of the employees who handled payments from Plaintiff's account are entirely

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

relevant to the issue of whether defendant was negligent in allowing these individuals to handle the payments at issue. Plaintiff has provided Defendant with legal authority supporting its position that facts regarding the employment qualifications and performance histories of the individuals who handled payments are relevant to the issue of Defendant's negligence, but the Parties have reached impasse. As discussed in greater detail below, the Court should compel Defendant to comply with its discovery obligations as outlined herein.

## I. Defendant's refusal to produce witnesses for deposition

Defendant has refused to produce its managing agents Alicia Zhong, Christina Chan, Jane Zhang, Krystal Yan, and Zheng Yu for deposition in this case. The Parties met and conferred regarding the production of these witnesses for several months, including participating in an informal discovery conference before the Court on January 12, 2022. *See* Hou Decl., ¶ 2. During the informal discovery conference, the Court remarked that the witnesses and their presumed testimony were at least facially relevant to the issues in this case and that the depositions should move forward. *Id.* Notwithstanding each witness having been identified within the Bank's own organizational chart for the U.S. branch at issue in this case, as well as numerous communications to and from the witnesses regarding the disputed transactions, Defendant persists in its refusal to produce these important witnesses, now disingenuously asserting that each of these individuals is a "non-party" with no relevant information regarding this case. *See* Hou Decl., Exh. 1 ("January 31 Letter"). Defendant claims that, as such, the witnesses may only be compelled to testify following service of a Rule 45 subpoena. *Id*. Notably, ***not once*** during the conferrals prior to the informal discovery conference did Defendant ever assert the position that the witnesses were "non-parties." To raise an issue for the first time following full briefing before the Court at the informal discovery conference constitutes textbook discovery abuse. In

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

any event, Defendant is incorrect.

Federal Rule of Civil Procedure 30 governs depositions by oral examination. *See* Fed. R. Civ. P. 30. Under Rule 30 "[a] party may, by oral questions, depose any person, including a party, without leave of court" upon service of a deposition notice. Fed. R. Civ. P. 30(a)-(b). Notwithstanding the foregoing, "a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Such employees must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure." *Holloway v. 3M Co.*, No. EDCV19708JAKKKX, 2019 WL 7172600, at \*22 (C.D. Cal. Oct. 31, 2019) (internal citation omitted).

In determining whether an individual may be deemed a managing agent for purposes of deposition under Rule 30, federal courts have taken a consistent approach. The following factors are to be considered in determining whether a witness may be deemed a managing agent: "'(1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation.'" *Holloway*, 2019 WL 7172600, at \*22; *see also Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2021 WL 629493, at \*1 (N.D. Cal. Jan. 13, 2021); *see also In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2015 WL 5440789, at \*5 (N.D. Cal. Sept. 15, 2015); *see also Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012). The burden to establish the status of the witness as a managing agent "is a modest one, with doubts to be resolved in favor of the party moving to compel the deposition." *Botell v. United*

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*States*, No. 2:-11-CV-1545 GEB, 2013 WL 360410, at *3 (E.D. Cal. Jan. 29, 2013); *see also Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 96 (S.D.N.Y. 1968) ("The term 'managing agent' should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his 'functions, responsibilities and authority respecting the subject matter of the litigation.'").   This is particularly true where the party seeking discovery has had less than complete discovery on the issue of the witness's status within the corporation.   *See United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

And even when a witness is not a 'managing agent' in the course of their everyday duties for the defendant corporation, such a witness can still be deemed a managing agent for the purpose of giving testimony regarding relevant aspects of litigation.   *See Tomingas*, 45 F.R.D. at 96.   Additionally, the determination of an individual's status as a managing agent is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred."   *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D.Va. 2010).   Notably, "employees may be considered managing agents for purposes of a deposition, regardless of their position or title at a company, 'where their duties and activities are closely linked with the events giving rise to the lawsuit.'"   *Richmond v. Mission Bank*, No. 1:14-CV-0184-JLT, 2015 WL 1637835, at *12 (E.D. Cal. Apr. 13, 2015).   Courts have concluded that "if there is at least a 'close question' as to the managing agent status of a potential witness, *doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial*."   *Holloway*, 2019 WL 7172600, at *23 (emphasis added); *see also Calderon*, 287 F.R.D. at 632 ("The question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case"); if there

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

is at least a "close question" as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial. *Calderon*, 287 F.R.D. at 632.

As discussed in greater detail below, each of the witnesses identified herein may be deemed a managing agent of Defendant.

### a.    Alicia Zhong

Alicia Zhong's title is "FVP & Assistant General Manager" and she is referenced in Defendant's U.S. Branch Organizational Chart.   *See* Hou Decl., Exh. 2 ("Organizational Chart").

As outlined within the Bank's Operations Manual, to make a valid remittance transfer, Defendant's employees were required to, among other things, do the following:

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1



Furthermore, the Fraud Control Procedures produced by Defendant note that

*See* Hou Decl., Exh. 4 ("Fraud Control Procedures"), at p. 5.

Clear from the above, as a manager at the Bank, Ms. Zhong was involved in such activities as review, approval, assessment, fraud risk evaluation, reporting, and record keeping relating to the transactions at issue in this case, as well as ensuring compliance with Bank policies and procedures.  In light of the foregoing, it is apparent that Ms. Zhong is a managing agent of Defendant and that she should be produced for deposition pursuant to Rule 30.

**b.    Christina Chan**

Christina Chan's title is "VP & Manager of General Administration & HR Dept". Ms. Chan is also identified on Defendant's Organizational Chart.  *See* Hou Decl., Exh. 2 ("Organizational Chart").   Similar to Ms. Zhong, as a manager, Ms. Chan was involved in the review, approval, assessment, fraud risk evaluation, reporting, and record keeping relating to the disputed transfers.  Additionally,

*See* Hou Decl., Exh. 5 ("Information Technology Policy"), at p. 16-17.  As "VP & Manager of General Administration & HR Dept", Ms. Chan was presumably involved in this process.  In

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

light of the foregoing, Ms. Chan is clearly a managing agent of Defendant.  Thus, Defendant should be required to produce  her for deposition pursuant to Rule 30.

Notwithstanding Ms. Chan's status as a managing agent, Plaintiff also served Ms. Chan with a Rule 45 deposition subpoena on January 24, 2022 (*see* Hou Decl., Exh. 6 ("Chan Subpoena")); however,  Defendant has nevertheless indicated that the witness will not be produced for deposition.  *See* Hou Decl., Exh. 1 ("January 31 Letter"), at p. 5.  Within Defendant's January 31 Letter, Defendant falsely asserts that the subpoena is invalid based on purported deficiencies with respect to service.  *Id*. at p. 4-5.  To be clear, the objections raised within Defendant's January 31 Letter are not in good faith.

With respect to Plaintiff's purported failure to serve Defendant with a copy of the Chan Subpoena prior to service on Ms. Chan, courts have repeatedly held that a Rule 45 subpoena is valid regardless of whether the parties have been served after the witness.  *See Est. of Goldberg v. Goss-Jewett Co., Inc.*, No. EDCV1401872DSFAFMX, 2016 WL 7471427, at *4 (C.D. Cal. Feb. 19, 2016) ("alleged failure to provide timely notice is not a valid basis for quashing the subpoena"); *see also Pagan-Colon v. Walgreens of San Patricio, Inc.*, 264 F.R.D. 25, 28 (D.P.R. 2010) (holding subpoena valid where defendant learned of the subpoena for the first time seven months after it was served, emphasizing that "[d]espite the fact that the defendant was not given notice of the subpoena as required by Rule 45(b)(1), it did not suffer prejudice.")

Defendant also asserts that the Chan Subpoena is invalid given that Plaintiff did not provide the witness with 30 days' notice to comply.  *See* Hou Decl., Exh. 1 ("January 31 Letter"), at p. 4-5.  Yet the Federal Rules require only that the witness be provided "a reasonable time to comply."  Fed. R. Civ. P. 45(d)(3).  The Central District has explicitly held that a period of fewer than 30 days is reasonable.  For example, in *Securities and Exchange Commission v. Chen*, the court held that "Chen was given a 'reasonable time' to comply with the Subpoena, which requested production of a limited

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

set of documents and was served on him 29 days prior to the scheduled deposition date." *Sec. & Exch. Comm'n v. Chen*, No. CV 15-7425-RGK (PLA), 2016 WL 7469679, at \*1 (C.D. Cal. Sept. 21, 2016).  Moreover, the court in *Chen* goes on to remark that Rule 45(d)(2)(B) (governing objections to a subpoena) includes language "specifically contemplating that less than 14–day service may be proper."  *Id.*

Lastly, and perhaps most importantly, even if it is assumed that service of the Chan Subpoena was somehow defective – *which it was not* – Defendant has already asserted that Ms. Chan is a non-party witness – not a managing agent of CMB.  *See* Hou Decl., Exh. 1 ("January 31 Letter"), at p. 1-5.  Accordingly, Defendant is wholly without standing to assert any objection as to the Chan Subpoena except as to claims of privilege.  As district courts across California have repeatedly held, "a party has *no standing to quash a subpoena served upon a third party*, except as to claims of privilege relating to the documents being sought."  *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014) (emphasis added); *see also Strategic Partners, Inc. v. FIGS, Inc.*, No. CV 19-2286-GW(KSX), 2020 WL 6143607, at \*2 (C.D. Cal. Sept. 3, 2020) ("a party lacks standing to challenge a subpoena issued to a nonparty, 'except as to claims of privilege relating to the documents being sought'"); *see also Eclat Pharms., LLC v. W.-Ward Pharm. Corp.*, No. CV136252JAKPLAX, 2014 WL 12607663, at \*1 (C.D. Cal. Mar. 26, 2014) ("a party does not have standing to challenge a subpoena served on a third party unless the challenge is based on privilege or the information is 'protected to itself'").

Here, Defendant has asserted no claim of privilege as to the any of the documents requested (*see* Hou Decl., Exh. 1 ("January 31 Letter"), at p. 1-5) but instead seeks to put forth legally deficient objections to avoid compliance with its discovery obligations.  Defendant's objections to the Chan Subpoena are both unmeritorious and made entirely in bad faith.  Defendant cannot self-servingly disclaim Chan as a party witness and in

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the same breath assert objections on her behalf.

### c.   Jane Zhang

Jane Zhang's is identified as an "Operations Officer" within the Bank's Organizational Chart.  *See* Hou Decl., Exh. 2 ("Organizational Chart"), at p. 1-2.  Given her title and position, it is abundantly clear that Ms. Zhang is a managing agent with information relevant to the claims at issue in this case.  For example, the Bank's Operations Manual requires ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  *See id.* at p. 64 (requiring all OFAC Screening results to be printed and initialed by the Operations Officer).

Significantly, Ms. Zhang was directly involved in the processing of payment instructions from Plaintiff.  For example, Ms. Zhang was included in the email communication from Shasha Tong wherein Ms. Tong asked the email recipients to prepare for funding Plaintiff's outgoing wire.  *See* Hou Decl., Exh. 7 ("December 20 Email").  Defendant must produce this witness for deposition pursuant to Rule 30.

### d.   Krystal Yan

Krystal Yan is identified within the Defendant's Organizational Chart as an "Operations Clerk".  *See* Hou Decl., Exh. 2 ("Organizational Chart"), at p. 1-3.  Yan was directly involved in processing payment instructions from Plaintiff.  For example, Ms. Yan was included in the email communication from Shasha Tong wherein Ms.

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Tong asked the email recipients to prepare for funding Plaintiff's outgoing wire.  *See* Hou Decl., Exh. 7 ("December 20 Email").

Additionally, Ms. Yan was included in the email communication with Sasha Tong regarding withdrawn checks and signature requirements outlined within account opening disclosures. *See* Hou Decl., Exh. 8 ("November 18 Email").  Also, based on the various internal protocols produced by Defendant, ██████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ *Id*.  Accordingly, Defendant should be required to produce Ms. Yan for deposition in accordance with Rule 30.

### e.    Zheng Yu

Zheng Yu's title is identified as the "VP & IT Supervisor" on Defendant's Organizational Chart. *See* Hou Decl., Exh. 2 ("Organizational Chart"), at p. 1-3.  Yu was directly involved in the investigation of the three disputed transactions.  For example, upon learning of the fraudulent wire transfers at issue, Defendant's VP & Bank Secrecy Act (BSA) Officer, Terry Rodriguez emailed Mr. Yu requesting ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████ *Id*.

Additionally, Mr. Yu also sent the CMB Call Log to Shasha Tong on January 29, 2020 highlighting the purported January 17, 2020 call with Plaintiff regarding the

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1



1  disputed wire transfers.  *See* Hou Decl., Exh. 10 ("CMB Call Log").

2       Additionally, as the IT Supervisor, ███████████████████████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 █████████████████████

11      Also as indicated in Defendant's Information Technology Policy, Mr. Yu should

12 have personal knowledge of ███████████████████████████

13 ████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 ██████████████████████████████████

19      It is apparent that Mr. Yu should be deemed a managing agent of Defendant.

20 Accordingly, Defendant must produce Mr. Yu for deposition pursuant to Rule 30.

21 **II.    Production of internal policies applicable to Plaintiff's account as requested**

22 **in Plaintiff's Request for Production No. 8 – including the Security Policy**

23 **issued by the Security Committee of CMB Wing Lung Bank Limited, H.O.**

24      Plaintiff's Request for Production No. 8 and Defendant's response are as follows:

25 **REQUEST FOR PRODUCTION NO. 8:**

26      All DOCUMENTS evidencing YOUR internal policies applicable

27 to the ACCOUNT, including but not limited to the opening, usage,

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING
PLAINTIFF'S MOTION TO COMPEL**

62080345;1

maintenance, cancellation, wire transfer, beneficiary and business relationship verification, and security protocols of the ACCOUNT.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

CMB Wing Lung Bank objects to this request as overly broad, vague, and not proportional to the needs of the case because it seeks information not relevant to any party's existing claim or defense such that the burden of producing responsive documents would outweigh any probative benefit. CMB Wing Lung Bank objects to this request as unclear because the term "internal policies" is ambiguous. Subject to and without waiving the foregoing objections, CMB Wing Lung Bank will produce all non-privileged documents responsive to this request that are in its possession, custody, or control.

The Parties met and conferred on the issue of production of policies applicable to Plaintiff's account, and while Defendant agreed to produce *some* documents responsive to the above request, upon review of Defendant's production it has become clear that Defendant continues to withhold responsive documents.  Hou Decl., ¶ 3. Specifically, the Fraud Control Procedures produced by Defendant require that ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████  *See* Hou Decl., Exh. 4 ("Fraud Control Procedures"), at p. 4.  To date, no such Security Policy has been produced.  As further evidence of the Security Policy's relevance to the issues in this case, the Fraud Control Procedures ████████████████████████████████████████  *Id.* It goes without saying that a bank security policy governing fraudulent activity falls squarely within the scope of discovery in this action.  As the Ninth Circuit has emphasized, "pre-trial discovery is ordinarily accorded a broad and liberal treatment. If no claim of privilege applies, a non-party can be compelled to produce evidence regarding any matter relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence." *Shoen v. Shoen*,

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotation marks omitted); *see also U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial"); *see also Murray v. Carlsbad*, No. 08CV2121 BTM (AJB), 2010 WL 2612698, at *1 (S.D. Cal. June 25, 2010) (granting plaintiff's motion to compel, noting that discovery rules are "liberally interpreted to permit wide-ranging discovery"); *see also Quintana v. Claire's Boutiques, Inc.*, No. 5:13-CV-00368-PSG, 2014 WL 3371847, at *2 (N.D. Cal. July 9, 2014) ("Both the Supreme Court and the Ninth Circuit have accepted that the right to discovery must be 'accorded a broad and liberal treatment.'")

In light of the foregoing, internal policies applicable to Plaintiff's account as requested in Plaintiff's Request for Production No. 8 – including the Security Policy issued by the Security Committee of CMB Wing Lung Bank Limited, H.O. – must be produced.

## III.    Response to Plaintiff's Interrogatory No. 13

Plaintiff' Interrogatory No. 13 and Defendant's response are as follows:

### INTERROGATORY NO. 13:

State all facts relating to the qualifications of each PERSON who handled payments from PLAINTIFF's ACCOUNT, including but not limited to the credentials, training, disciplinary history, and performance records of each PERSON.

### RESPONSE TO INTERROGATORY NO. 13:

CMB Wing Lung Bank objects to this interrogatory as overly broad, vague, and not proportional to the needs of the case because it seeks information not relevant to any party's existing claim or defense. CMB Wing Lung Bank further objects to this interrogatory as unclear because the phrase "who handled payments" is ambiguous. Subject to and without waiving the foregoing objections, CMB Wing Lung Bank states that Shasha Tong handled payments for Plaintiff's account.

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

The Parties met and conferred regarding Defendant's deficient response to Interrogatory No. 13 December 15, 2021. *See* Hou Decl., ¶ 4. During the Conferral, Plaintiff clarified to Defendant that Plaintiff sought information relating to the employment qualifications and performance histories of the individuals involved in processing payments to or from Plaintiff's account – including the credentials, training, disciplinary history, and performance records of each person – and that such facts were relevant with respect to the issue of Defendant's negligence in processing the disputed transactions. *Id.* While Defendant indicated that it would potentially supplement its response to Interrogatory No. 13, to date no supplemental response has been provided. *Id.*

Here, information regarding the employment qualifications and performance histories of the individuals involved in processing payments to or from Plaintiff's account is relevant with respect to the issue of Defendant's negligence. *See Contreras v. Portfolio Recovery Assocs.*, LLC, No. 15-CV-00104-JSC, 2017 WL 2964012, at *5 (N.D. Cal. July 12, 2017) ("California law recognizes the theory that an employer can be liable for negligently hiring, supervising or retaining an unfit employee"); *see also Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1054, 58 Cal. Rptr. 2d 122, 132 (1996) ("Liability is based upon the facts that the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.") Here, where Defendant's employees processed three separate fraudulent wire transfers from Plaintiff's account totaling more than $6,000,000, the qualifications and performance history of those individuals involved with processing the payments are entirely relevant to the issue of Defendant's negligence and proportional to the needs of the case. *See Cancino Castellar v. McAleenan*, No. 3:17-CV-491-BAS-AHG, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) ("When analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"); *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.")

Accordingly, Defendant must supplement its response to Plaintiff's Interrogatory No. 13 by providing information relating to the employment qualifications and performance histories of the individuals involved in processing payments to or from Plaintiff's account – including the credentials, training, disciplinary history, and performance records of each person.

## DEFENDANT'S POSITION

## IV.  This Motion Is Procedurally Improper And Should Be Summarily Dismissed

Plaintiff's motion is procedurally improper, and should be denied out of hand. Local Rule 37-1 requires that, "[b]efore filing any motion relating to discovery under F.Rs.Civ.P. 26-7, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else." The moving party must "serve[] a letter requesting such conference," and the conference must occur within ten days after the letter is served. *Id*.

This letter was not sent and the required conference has not occurred—instead, Plaintiff sent a draft stipulation containing a sixteen-page statement regarding these disputes on February 4, 2022, and gave Defendant seven days to prepare a responsive

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

16

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

statement before filing. *See* Exhibit A, Declaration of Gabriel Colwell ("Colwell Decl.") at ¶ 15.

Likewise, this case is referred to Magistrate Judge Autumn D. Spaeth for all discovery matters. Ex. 11 to Hou Decl. Judge Spaeth's guidelines not only require the in-person meet-and-confer established under the Local Rules, but state that "[f]ailure to comply with this rule may result in summary dismissal of the discovery motion." *See* Hon. Autumn D. Spaeth, *Judge's Procedures*, available at http://www.cacd.uscourts.gov/honorable-autumn-d-spaeth.

However, Plaintiff's decision to disregard the applicable Local Rules and Judge Spaeth's guidelines and submit this stipulation regarding its motion to compel has forced Defendant to submit its own position statement with respect to these disputes. That statement follows.

## V.    Introduction

Plaintiff's claims concern CMB Wing Lung Bank's processing of three disputed transfers following a breach of Plaintiff's information technology systems. The breach of Plaintiff's systems permitted a scammer or scammers to use the verified email account of one of Plaintiff's employees to submit the three transfers in accordance with the agreed-upon security procedures put in place at Plaintiff's request and with Plaintiff's knowledge. Each of Plaintiff's causes of action concern whether CMB Wing Lung Bank employed commercially reasonable security procedures in its processing of the disputed transfers.

Plaintiff raises three disputes, each of which may be resolved by simple reference to governing law or via the meet-and-confer process Plaintiff avoided in filing this stipulation and motion. First, Plaintiff seeks to compel the depositions of non-party witnesses it either has subpoenaed or is serving subpoenas on in compliance with Rule 45 by deeming them parties under Rule 30. Second, Plaintiff seeks the production of

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the entirety of a policy referenced in documents produced by Defendant, without having met and conferred regarding the potential production of the portions of that policy referenced within the previously produced documents. Third, Plaintiff seeks information regarding the personnel files of all employees who were in any way involved in the disputed transfers based on a negligent hiring claim it has never asserted. None of these disputes have merit, and each may be resolved simply by following the Federal Rules of Civil Procedure.

**1.    Depositions of Non-Party Witnesses**.  Plaintiff has identified five non-party employees of Defendant it wishes to depose: Alicia Zhong, Christina Chan, Jane Zhang, Krystal Yan, and Zheng Yu. On January 26, 2022, Plaintiff informed Defendant that it was subpoenaing each of these witnesses in compliance with Fed. R. Civ. P. 45. Colwell Decl. at ¶ 4; *see also* Ex. 1 to Colwell Decl. To the best of Defendant's knowledge, and as of the date of this submission, two of the witnesses, Christina Chan and Zheng Yu, have been served with subpoenas (although the service and content of Ms. Chan's subpoena violates Rule 45 in multiple ways). *Id*. at ¶¶ 5, 7; *see also* Exs. 2 and 3 to Colwell Decl. By the time this motion is heard, both Ms. Chan and Mr. Yu will have been deposed pursuant to Rule 45 subpoenas. Defendant respectfully submits that this entire dispute could be resolved by Plaintiff simply effectuating proper service of subpoenas on the remaining witnesses in accordance with Rule 45, as it has indicated it is doing.

Even though Plaintiff is subpoenaing the witnesses, it also claims that each of them are managing agents within the meaning of Rule 30, and so may be served via notice of deposition. "[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Such employees **must  be subpoenaed** pursuant  to Rule 45 of the Federal Rules of Civil Procedure." *Rijhwani v. Wells Fargo Home Mortg., Inc.*, 2015 U.S. Dist. LEXIS

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

10579, at *8 (N.D. Cal. Jan. 28, 2015) (citing *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012)) (emphasis added).  Per Plaintiff's own statement, many of the witnesses have no direct connection to this lawsuit other than their being carbon copied on emails or generalized descriptions of their job duties, and none possess the required judgment and discretion in setting company policy that would make them "managing agents" within the meaning of Rule 30.

At this stage, if Plaintiff has not followed through with service of these subpoenas, the only discernible reason for them to have done so is to preserve an otherwise meritless discovery dispute.

**2.     Production of the Security Policy**.  Defendant has produced numerous policies governing its security, IT, and fraud prevention procedures. Plaintiff claims that Defendant has declined to produce one additional policy: the Security Policy issued by the Security Committee of CMB Wing Lung Bank Limited, H.O. ("Security Policy"). Per Plaintiff's statement, two portions of the Security Policy, Section 8 and Appendix F, are referenced in Defendant's US Branches Fraud Control and Reporting Mechanism ("Fraud Control Policy"). Defendant has offered to further meet and confer regarding the relevance of the specific portions of the Security Policy referenced in the Fraud Control Policy, as well as the potential production of those portions if warranted. Colwell Decl. at ¶ 12. Plaintiff, however, insists that the entire document be produced without regard to relevance or the business and security concerns of Defendant's parent. *Id*. at ¶ 13. Had Plaintiff simply engaged in the proffered meet-and-confer, this dispute again could have been mooted.

**3.     Personnel Files**.  Plaintiff seeks all facts regarding the personnel records of Defendant's employees. The claimed basis for this request is a negligent hiring claim that Plaintiff did not assert in its Complaint and has raised for the first time in this submission. As a threshold matter, "under California's constitutional right to privacy,

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

the personnel records of employees are confidential and thus protected from discovery 'unless the litigant can show a compelling need for the particular documents and that the information cannot reasonably be obtained through depositions or from nonconfidential sources.'" *McMillion v. Rash Curtis & Assocs.*, 2017 U.S. Dist. LEXIS 61268, at *4 (N.D. Cal. Apr. 21, 2017) (quoting *Harding Lawson Assocs. v. Super. Ct.*, 10 Cal. App. 4th 7, 10 (1992)). "Thus, it is insufficient for a party to state only that discovery of personnel records is necessary to facilitate the prosecution of the action." *Id.* (citing *El Dorado Sav. & Loan Ass'n v. Super. Ct. of Sacramento Cnty.*, 190 Cal. App.3d 342, 345-46, 235 Cal. Rptr. 303 (1987)).

Plaintiff's request is a pure fishing expedition, designed to uncover some wrongdoing that it hopes—but has no basis to believe—exists.

## VI.   Plaintiff Must Serve Subpoenas On The Five Non-Party Witnesses

Plaintiff either has served or is currently serving subpoenas on the five non-party witnesses identified in its position statement: Alicia Zhong, Christina Chan, Jane Zhang, Krystal Yan, and Zheng Yu. Ex. 1 to Colwell Decl. Chan and Yu have already been served with their subpoenas, and will have appeared for their depositions by the time this is heard. Colwell Decl. at ¶¶ 5-9; Exs. 2 and 3 to Colwell Decl. For reasons that are unclear to Defendant, Plaintiff omitted this fact from its statement, instead choosing to advance the position that it should *also* be permitted to serve redundant notices of deposition on the same non-party witnesses.  Defendant respectfully submits that Plaintiff should simply complete service of the subpoenas in compliance with Rule 45, and moot this entire unnecessary dispute.

Plaintiff's basis for deeming the five witnesses at issue in this dispute "managing agents" is 1) their identification in Defendant's produced organizational chart and 2) "numerous" communications to and from the witnesses regarding the disputed transactions (the actual number mustered here is four). As to each non-party witness,

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiff insists that each witness's title makes it "abundantly clear" that they are managing agents. "However, the presence or absence of employment titles (by themselves) is not an adequate indication of whether a particular individual is an officer, director or managing agent of a corporation." *Samson v. Wells Fargo Bank, N.A.*, 2021 U.S. Dist. LEXIS 49772, at *30-31 (C.D. Cal. Feb. 1, 2021). "Titles alone are insufficient and call for speculation." *Id*. (citing *Holtzclaw v. Certainteed Corp.*, 795 F. Supp. 2d 996, 1022 (E.D. Cal. 2011)). The fact that [a witness] has the word 'manager' in her title is not enough to establish that she is a managing agent." *Finley v. Count of Martin*, 2009 U.S. Dist. LEXIS 98507, at *5 (N.D. Cal. Oct. 13, 2009).

Courts often consider four factors in making the determination whether a witness is managing agent: "(1) whether the individual has the power to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to appear for the deposition at his employer's request; (3) whether any employees of the corporate employer have higher authority than the person sought to be deposed concerning the proposed topics; and (4) the general responsibilities of the person respecting the matters involved in the litigation." *Amusement Art, LLC v. Life Is Beautiful, LLC*, 2016 U.S. Dist. LEXIS 185322, at *3 (C.D. Cal. Apr. 7, 2016) (citing *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012)). Plaintiff has failed to provide evidence that any of these criteria are met for any witness, instead arguing that any employee's involvement in any matter related to this litigation makes them a *per se* managing agent.

The Federal Rules require a party to make some showing that a witness satisfies the above criteria before permitting it to sidestep the requirements of Rule 45. *See, e.g., Richmond v. Mission Bank*, 2015 U.S. Dist. LEXIS 48452, at *28-29 (E.D. Cal. Apr. 13, 2015) (bank employee was not a "managing agent" whose deposition could be compelled with a notice of deposition where, *inter alia*, there were individuals in

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

21

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING
PLAINTIFF'S MOTION TO COMPEL**

62080345;1

positions of higher authority than her and she lacked the "authority to make decisions in corporate matters"); *accord Juarez v. Autozone Stores, Inc.*, 2013 U.S. Dist. LEXIS 192050, at *9 (S.D. Cal. Nov. 8, 2013) (holding that Plaintiff failed to show that six deponents were managing agents within the meaning of the Federal Rules of Civil Procedure based on a "complete lack of evidence" with respect to their actual roles).

Plaintiff has failed to meet these requirements with respect to any of the five identified witnesses, and must subpoena them (properly) under Rule 45.

### A.    Alicia Zhong

Plaintiff has declared Ms. Zhong, an FVP and Assistant General Manager, a "managing agent" based on her title and a series of general statements regarding the obligations of "Defendant's employees," "Bank management," and "branch heads." None of these statements establish that Ms. Zhong had the power to exercise judgment and discretion in corporate matters. To the contrary, they establish that, to the extent these obligations applied to Ms. Zhong, they were mandates set and enforced by others in positions of higher authority. Likewise, Plaintiff simply recites a series of duties that apply to people in other positions, such as Operations Officers, Accounting Officers, and "management" writ large, with no showing whatsoever that these duties and obligations actually applied to Ms. Zhong with respect to the matters involved in the litigation, either as a general matter or in specific relation to this dispute. Plaintiff cannot simply cite any set of job duties it believes are relevant to this litigation and assign them to witnesses at will.[2] Plaintiff is effectively giving this witness every job at the branch, irrespective of her actual job title and duties, in the hopes that one of them will permit Plaintiff to avoid completing service of a subpoena.

This is particularly clear with respect to Plaintiff's invocation of the

---

[2] This is particularly true with respect to Operations Officers, given that another non-party witness, Jane Zhang, has that title, and Accounting Officers, as that is an entirely separate branch of the organizational chart with which Ms. Zhong is not affiliated.

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

22                    CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

responsibilities of "branch heads." The "branch head" in each of the three organizational charts Plaintiff relies on is Jian "Jack" Ma. Ex. 2 to Hou Decl. Mr. Ma is Defendant's designated 30(b)(6) representative on the twenty-four separate topics Plaintiff noticed. Ex. 4 to Colwell Decl. Mr. Ma was deposed in this matter, subject to a notice of deposition, on February 10, 2021. Just as Ms. Zhong cannot be an Accounting Officer and an Operations Officer in addition to her actual job, she cannot also hold the position of "branch head" when the position is clearly held by a different, already-identified individual.

Plaintiff cannot even identify what category of employee Ms. Zhong fits into that would make her a managing agent, let alone any specific power, authority, or responsibilities that would make her a managing agent for the purposes of this litigation.

### B.    Christina Chan

Plaintiff has already served a subpoena on Christina Chan, and her deposition is set for February 16, 2022. Ms. Chan has submitted her relevant objections to Plaintiff with respect to the subpoena. Plaintiff insists this subpoena is proper, and should be enforced. It also insists that it should be permitted to serve a notice of deposition on this same witness under Rule 30 for a second deposition, for no discernible reason. Defendant is entirely justified in opposing a second or successive deposition of a witness who will have already been deposed, particularly where Plaintiff has failed to show good cause to reopen the deposition. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (a party cannot be deposed without leave of court if the deponent has already been deposed in the case, whether under Rule 30 or Rule 45); *Finjan, Inc. v. Eset, LLC*, 2020 U.S. Dist. LEXIS 237559, at *5-6 (S.D. Cal. Dec. 16, 2020) (noting that courts apply a "good cause" standard to a request for a second deposition). Plaintiff's actions render this entire dispute a waste of time and misuse of the Court's resources.

As a threshold matter, Plaintiff misrepresents the applicability of Rule 45(a)(4),

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

23

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

stating that "the alleged failure to provide timely notice is not a valid basis for quashing the subpoena." *Estate of Betty Goldberg v. Goss-Jewett Co., Inc.*, 2016 U.S. Dist. LEXIS 190674, at *22 (C.D. Cal. Feb. 19, 2016). Plaintiff omits the preceding statements of the court regarding the pre-service notice provided:

> PPG contends that subpoena was served before notice was provided to each party. However, defendants have submitted the declaration of Sean Herman, in which he states that an email was sent to counsel in the case that provided notice of defendants' intent to serve a Rule 45 subpoena on Mr. Newman and attached a copy of the subpoena to be served. (Herman Decl. to Opp., ECF No. 249-1.) Mr. Herman's declaration further states this notice was delivered before Mr. Newman was served with the subpoena. (*Id.*) PPG has alleged no prejudice from the timing or manner in which the subpoena was served, and the Court concludes that the alleged failure to provide timely notice is not a valid basis for quashing the subpoena.

*Estate of Betty Goldberg v. Goss-Jewett Co., Inc.*, 2016 U.S. Dist. LEXIS 190674, at *21-22 (C.D. Cal. Feb. 19, 2016). Counsel in *Goldberg* actually did provide a copy of the subpoena to all parties prior to service on the non-party, unlike here, where Plaintiff first notified Defendant of the Chan subpoena in its January 26, 2022 letter, after it had served Ms. Chan on January 24, 2022. Plaintiff first demanded that Defendant accept a notice of deposition for Ms. Chan, *then* disclosed the service of the subpoena a page later. Ex. 1 to Colwell Decl. Plaintiff's failure to comply with Rule 45(a)(4) has directly led to this needless and costly dispute. Had Plaintiff simply informed Defendant that it was subpoenaing non-party witnesses (as it should), the parties would not be stuck here,

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING
PLAINTIFF'S MOTION TO COMPEL**

62080345;1

debating whether Plaintiff may also be allowed to serve redundant and impermissible notices of deposition for the exact same witnesses.[3]

Defendant also noted for the purposes of ensuring that Plaintiff properly complies with Rule 45 going forward that the Chan subpoena failed to give her the reasonable amount of time required for the production of documents under Rule 45: thirty days. *See Conners v. Kathy*, 2020 U.S. Dist. LEXIS 235997, at *2 (C.D. Cal. Dec. 11, 2020); *MGA Entm't, Inc. v. Nat'l Prods. Ltd.*, 2011 U.S. Dist. LEXIS 161045, at *3 (C.D. Cal. Dec. 16, 2011). The sole case plaintiff cites in support of shortening this time period afforded 29 days (one less than the presumptively reasonable period) to produce a "limited" set of documents. *SEC v. Chen*, 2016 U.S. Dist. LEXIS 186725, at *3 (C.D. Cal. Sept. 21, 2016). Plaintiff seeks documents in response to twenty-one separate requests governing virtually every element of this litigation. Ex. 2 to Colwell Decl. at 5-8. Ms. Chen has timely objected to these requests. Colwell Decl. at ¶ 6.

Further, Plaintiff has provided even less information with respect to Ms. Chan's status as a purported "managing agent" than Ms. Zhong.  Plaintiff relies solely on Ms. Chan's title, and then states in conclusory fashion that Ms. Chan was somehow involved in aspects of the disputed transfers, with no citation to *any* evidence that she was, or that she exercised any discretion whatsoever with respect to any aspect of the subject matter of this dispute. The only remotely relevant allegation made with respect to Ms. Chan is that the Human Resources Department as a whole – *not* Ms. Chan specifically – was tasked ███████████████████████████████████████████ ███████████████████████ Plaintiff does not explain how ███████████████ is even relevant to its claims, which concern a breach of *Plaintiff's* information

_____

[3] Plaintiff cites *Pagan-Colon v. Walgreens of San Patricio, Inc.*, 264 F.R.D. 25 (D.P.R. 2010) for the proposition that even a delay of several months' notice is excusable under Rule 45(a)(4). However, the *Pagan-Colon* court expressly found that the party who was not served failed to show prejudice from the delay, *id.* at 28, and the relief sought was to bar the documents obtained from the subpoena at trial, not to quash the subpoena in its entirety. *Id.* at 28-29.

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

technology systems, not Defendant's, or how this task constituted an exercise of judgment or discretion to make policy on behalf of Defendant. Simply because an HR manager "had personal knowledge" regarding employees does not "necessarily make her an officer, director, or managing agent in the legal sense of those words." *Trenier v. Host Int'l, Inc.*, 2014 U.S. Dist. LEXIS 199066, at *7 (C.D. Cal. Aug. 19, 2014).

### C.   Jane Zhang

Plaintiff again states that Ms. Zhang's "title and position" make it "abundantly clear" that she is a managing agent, which is simply not the law. Again, Plaintiff points to things Ms. Zhang is "required" to do, things she "must" do, and procedures and policies she is obligated to follow—but not to a single area where Ms. Zhang may use her discretion to set policy for Defendant. Likewise, there are at least three other individuals directly above her on the organizational chart, further undercutting any claim that she is a "managing agent" of Defendant.

Of particular note on the organizational chart is Chloe Wang, Defendant's VP & Manager of Operations Department, who is in a position of higher authority than Ms. Zhang in the same department. *See* Ex. 2 to Hou Decl. Ms. Wang was deposed on February 9, 2022, pursuant to a Rule 30 notice. One of the key criteria in determining whether a witness is a "managing agent" is "whether any employees of the corporate employer have higher authority than the person sought to be deposed concerning the proposed topics." Ms. Wang has direct authority over Ms. Zhang regarding the proposed topics of the deposition, and testified at length about those topics. Ms. Wang also testified that she not only supervised Ms. Zhang, she double-checked every action Ms. Zhang took with respect to the disputed transfers. Any "general responsibility" Ms. Zhang had was subject to Ms. Wang's judgment, discretion, and sign-off.

Further, Plaintiff sole evidentiary support for "managing agent" status here is an email communication between two higher-ups on which Ms. Zhang was carbon copied.

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

Plaintiff cannot simply rattle off a list of generic job duties, then claim "direct involvement" in the matters at issue in this litigation based on Ms. Zhang's passive inclusion in a single email that does not refer or relate to the disputed transfers.

### D.      Krystal Yan

Again relying solely on her title and her being carbon copied on the same email as Ms. Zhang along with one other email, Plaintiff argues that Krystal Yan was a "managing agent." The sole duty Plaintiff can muster in support of this status is the allegation that the Operations Department (again, the Department, and not Ms. Yan in particular) was required ████████████████████████████ ████████████████ Like every other witness at issue, Plaintiff makes no showing that Ms. Yan exercised any judgment or discretion, set any policy, or had  any authority with respect to the matters in this suit beyond being passively copied on two emails prior to the disputed transfers.  *See* Exs. 7 and 8 to Hou Decl.

And like Ms. Zhang, Ms. Yan's limited role in this matter was discussed during Ms. Wang's deposition. Ms. Yan is below both Ms. Zhang and Ms. Wang on Defendant's organizational chart. *See* Ex. 2 to Hou Decl. During Ms. Wang's deposition, she stated that she had direct authority over Ms. Yan regarding the proposed topics of the deposition, and testified at length about those topics. Likewise, Ms. Wang, from her position of higher authority, double-checked every action Ms. Yan took. Any "general responsibility" she had was subject to Ms. Wang's judgment, discretion, and sign-off.

### E.      Zheng Yu

Plaintiff served Mr. Yu with a subpoena on January 27, 2022. Ex. 3 to Colwell Decl. The deposition is set for February 17, 2022. Plaintiff's request for an additional notice of deposition in addition to the subpoena is, like Ms. Chan, entirely moot, and Defendant's opposition to a second deposition is entirely justified. Fed. R. Civ. P.

AKERMAN LLP

601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

30(a)(2)(A)(ii).

However, because Plaintiff insists that it be permitted to serve a notice of deposition on a witness it will have deposed via subpoena by the time the Court addresses this motion, Defendant is pressed to again point out how Mr. Yu is not a "managing agent." Besides its now-standard reliance on Mr. Yu's title, Plaintiff also relies on Mr. Yu's communications with others to establish his status as a "managing agent." First, Mr. Yu ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████ Second, Mr. Yu sent a higher-level employee's call log to her. Neither of these activities show the judgment, discretion, or connection to this matter required to confer managing agent status on Mr. Yu.

Beyond this, Plaintiff again recites various duties that Mr. Yu was "assigned" by superiors based on policies that he is not alleged to have created or imposed. In fact, Plaintiff even notes that Mr. Yu is required to ██████████████████████████████ ██████████████████████████████████████████████████████

Plaintiff then states that Mr. Yu was "assigned management activities," which each consist of ████████████████████████████ in compliance with CMB Wing Lung Bank's Information Technology Policy. The only portion of the Policy Plaintiff cites requires ████████████████████████████████████████████████████████ ██████████████ Ex. 5 to Hou Decl., at 22.

As with every other witness, Plaintiff has wrongly deemed an employee without the required judgment or discretion to set company policy as a "managing agent." And with respect to Mr. Yu, Plaintiff has made this baseless representation despite the fact that it has no need whatsoever to do so: it successfully served a subpoena on Mr. Yu, and will have deposed him by the time this matter is heard.

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

28

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

## VII.   Plaintiff's RFP No. 8 – Production Of Security Policy

Defendant has produced at least five internal policies applicable to Plaintiff's account, including the U.S. Branch Fraud Control and Reporting Mechanism that governs Defendant's handling of Plaintiff's account. *See* Ex. 4 to Hou Decl. The Fraud Control Policy makes reference to two sections of the disputed Security Policy: ███████ ██████████████ The Security Policy as a whole contains highly sensitive information regarding the Bank's worldwide security procedures, including procedures that have no relevance to this case either because ████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████

Once Plaintiff indicated that it sought the Security Policy, which is not a specific internal policy of Defendant's, Defendant offered to meet and confer, as required by the Court's standing orders and the Local Rules. Colwell Decl. at ¶ 12. Instead, Plaintiff initiated this process, demanding that the entire document be produced. Defendant remains willing to meet and confer regarding the production of those portions of the Security Policy referenced in the Fraud Control Policy.

## VIII.  Plaintiff's ROG No. 13 – Information Regarding Personnel Files

Personnel files, including the information contained within, are presumptively "protected from discovery" absent a "compelling need for the particular documents and [a showing] that the information cannot reasonably be obtained through depositions or from nonconfidential sources.'" *McMillion*, 2017 U.S. Dist. LEXIS 61268, at *4 (quoting *Harding Lawson Assocs. v. Super. Ct.*, 10 Cal. App. 4th 7, 10 (1992)). "Thus, it is insufficient for a party to state only that discovery of personnel records is necessary to facilitate the prosecution of the action." *Id*. (citing *El Dorado Sav. & Loan Ass'n v. Super. Ct. of Sacramento Cnty.*, 190 Cal. App.3d 342, 345-46 (1987)).

The Federal Rules permit discovery only into matters "relevant to any party's

AKERMAN LLP
601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The only basis Plaintiff provides for the production of these documents is their purported relevance to an unpleaded negligent hiring, retention, or supervision claim ("negligent hiring claim"). Plaintiff cannot seek discovery into a claim it never asserted, even if it believes the information "might conceivably become relevant." *Moore v. Superway Logistics, Inc.*, 2019 U.S. Dist. LEXIS 90111, at *21 (E.D. Cal. May 28, 2019) (denying discovery into unpleaded claims) (internal quote marks and citation omitted); *Tri-Star Elecs. Int'l v. Preci-Dip Durtal SA*, 2012 U.S. Dist. LEXIS 197273, at *9 (C.D. Cal. Mar. 27, 2012) (affirming denial of discovery where discovery concerned only allegation in complaint, rather than pleaded claim or defense).

To plead a negligent hiring claim, a party must allege "facts that the employer knew or should have known that hiring [an] employee created a particular risk or hazard and that particular harm materializes." *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1054 (1996). Nowhere in its complaint does Plaintiff allege that any employee was "unfit" within the meaning of this tort, which requires at least some allegation that the employer has hired "individuals with characteristics which might pose a danger to customers or other employees." *Contreras v. Portfolio Recovery Assocs.*, 2017 U.S. Dist. LEXIS 108089, at *14 (N.D. Cal. July 12, 2017) (citing *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)).

As noted in Plaintiff's own cited authority, a negligent hiring claim requires specific pleading of the dangerous characteristics of an individual, as well as pleading of the harm directly posed by those characteristics materializing. Even allegations that an employer knew of an employee's use of mind-altering drugs and abuse of authority to gain sexual favors are insufficient to state a negligent hiring claim where the employee then uses those same drugs to drug and sexually assault another person, because the known harm and the materialized harm were different. *Capital Cities*, 50

AKERMAN LLP

601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Cal. App. 4th at 1054-55. A plaintiff must at least allege "the risk that the employee will act in a certain way and the employee does act in that way" for a claim to exist. *Id.* at 1055 (sustaining demurrer entered by trial court). Plaintiff does not allege that *any* employee of Defendant's was unfit or possessed a dangerous characteristic, or that any employee's unfitness or dangerous characteristics posed a risk to Plaintiff that then materialized.

District courts "need not condone the use of discovery to engage in 'fishing expedition[s].'" *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004). "A discovery 'fishing expedition' involves demanding documents to review for evidence of wrongdoing when there is no good reason to suspect that they contain such evidence." *Sgii, Inc. v. Martin*, 2021 U.S. Dist. LEXIS 81760, at *9 (C.D. Cal. Mar. 3, 2021). Plaintiff raising a "negligent hiring" theory for the first time during a discovery dispute, following months of discovery and multiple depositions that have failed to uncover even a scintilla of evidence that Defendant employed any individual who posed a risk to Plaintiff of committing fraudulent transfers, is an unabashed fishing expedition that the Court should reject in its entirety.

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

1

2

3   Dated:  February 14, 2022                 **AKERMAN LLP**

4
                                             By:_____
5                                                Alicia Y. Hou
                                                 Haley C. Greenberg
6                                                Jonathan Turner
                                             Attorneys for Plaintiff 800 Columbia
7                                            Project, LLC

8

9

10  Dated:  February 14, 2022                 **SQUIRE PATTON BOGGS**

11
                                             By:_____
12                                               Gabriel Colwell
                                                 Shima Vasseghi
13                                               Jesse Taylor
                                                 Chassica Soo
14                                           Attorneys for Defendant CMB Wing Lung
                                             Bank, Ltd
15

16

17

18

19

20

21

22

23

24

25

26

27

28

32

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

**AKERMAN LLP**
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 601 W. Fifth Street, Suite 300, Los Angeles, CA 90071.

On February 14, 2022, I served the following document(s) described as:

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

on the persons below as follows:

| | |
|---|---|
| Squire Patton Boggs (US) LLP<br>Shima Vasseghi, Esq.<br>Gabriel Colwell, Esq.<br>Consuelo M. Lopez<br>555 South Flower Street, 31st Floor<br>Los Angeles, California 90071<br>Telephone: +1 213 624 2500<br>Facsimile: +1 213 623 4581<br>Email:    gabriel.colwell@squirepb.com<br>          shima.vasseghi@squirepb.com<br>          consuelo.lopez@squirepb.com | Attorneys for Defendant<br>CMB Wing Lung Bank, Ltd |

☒      I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1).

☒      (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

CASE NO. 8:21-cv-00278-JLS-ADS

**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1

AKERMAN LLP
601 WEST FIFTH  STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☒      (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **February 14, 2022**, at Los Angeles, California

| Annie Tualla | */s/ Annie Tualla* |
|---|---|
| (Type or print name) | (Signature) |

**AKERMAN LLP**
601 WEST FIFTH STREET SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 8:21-cv-00278-JLS-ADS
**JOINT STIPULATION OF DISCOVERY DISPUTE PURSUANT TO LOCAL RULE 37-2 REGARDING PLAINTIFF'S MOTION TO COMPEL**

62080345;1